UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**STEPHANIE A. SHATTER,**

    **Plaintiff,**

v.                                                          **Case No. 6:24-cv-1950-CEM-LHP**

**COMMISSIONER OF SOCIAL
SECURITY,**

    **Defendant.**

_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Complaint (Doc. 1). Plaintiff

seeks judicial review of the final administrative decision of the Commissioner of

Social Security ("Commissioner") denying her claim for Social Security Income

under Title XVI of the Social Security Act. The United States Magistrate Judge

issued a Report and Recommendation ("R&R," Doc. 37), recommending that the

Commissioner's final decision be affirmed. (*Id.* at 1). Plaintiff filed Objections (Doc.

Nos. 38 & 41)[1], and the Commissioner did not file a Response. Plaintiff also filed a

"Motion for Emergency Help Reconsideration from Final Appeal" ("Motion," Doc.

---

[1] Plaintiff timely filed the document entered at docket entry 38. But that document appears to just be evidence that Plaintiff wants the Court to consider without objections. Subsequently, Plaintiff filed the document entered at docket entry 41, which contains what appears to be objections. Even though the second document was untimely, the Court will consider it.

39), which appears to request the Court to expedite the review of her case. For the reasons set forth below, the R&R will be adopted, the final decision will be affirmed, and the Motion will be denied as moot.

## I.   BACKGROUND

Plaintiff filed an application for Social Security Income under Title XVI of the Social Security Act. (Admin. R., Doc. 18, at 146, 190, 299–304, 330).[2] The Commissioner issued a final decision finding that Plaintiff was not disabled during the relevant period under review. (*Id.* at 146–61). The Appeals Council denied Plaintiff's request for review, (*id.* at 137–42), and Plaintiff subsequently filed this appeal. The Magistrate Judge issued the R&R, recommending that the final decision be affirmed. (Doc. 37 at 1). Plaintiff filed Objections to the R&R.

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's R&R concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject,

---

[2] All pinpoint citations are to the Administrative Record page number.

or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III.   ANALYSIS

As an initial matter, Plaintiff's Objections consist of conclusory statements without any elaboration or citation to legal authority. Such "conclusory objections . . . unaccompanied by legal analysis" are "insufficient to mandate *de novo* review." *McCullars v. Comm'r, SSA*, 825 F. App'x 685, 694 (11th Cir. 2020). Additionally, even with the Court's best attempts at deciphering Plaintiff's Objections, they do not provide a basis for rejecting the R&R.

First, Plaintiff submits numerous exhibits with her Objections. The Magistrate Judge considered these exhibits and explained why, to the extent they were part of the underlying administrative record, they do not require reversal of the final decision. (Doc. 37 at 7–12 & n. 6). And to the extent they were not part of the administrative record, Plaintiff agreed she submitted them in support of her argument for remand under sentence six of 42 U.S.C. § 405(g). (*Id.* at 11 (citing Doc. 36)). In that vein, Plaintiff objects to the R&R's conclusion that remand under sentence six is not warranted here.

Sentence six permits a district court to remand an application for benefits to the Commissioner for consideration of new evidence that previously was unavailable. *Ingram v. Comm'r of Soc. Sec., Admin.*, 496 F.3d 1253, 1261 (11th Cir.

2007). To show that a sentence six remand is warranted, "the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is cause for the failure to submit the evidence at the administrative level." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986) (citations omitted). "However, not every discovery of new evidence, even if relevant and probative, will justify a remand to the Secretary. Rather, sentence six encompasses only those instances in which the district court learns of new evidence that might have changed the outcome of that proceeding." *Jones v. Comm'r of Soc. Sec. Admin., Miami S Region*, 497 F. App'x 888, 892 (11th Cir. 2012) (citations omitted).

While it appears that Plaintiff attempted to better identify the documents she was submitting, she does not indicate that the Magistrate Judge misunderstood what these exhibits were. Instead, Plaintiff makes a summary argument that simply restates the requirements for sentence six remand and says that those elements are met here. (Doc. 41 at 3). This is insufficient to show that remand under sentence six is appropriate. *See, e.g.*, *Quintero v. Comm'r of Soc. Sec.*, No. 6:24-cv-1345-CEM-DCI, 2025 WL 808334, at *3 (M.D. Fla. Feb. 18, 2025), *report and recommendation adopted*, 2025 WL 807420 (M.D. Fla. Mar. 13, 2025) (citations omitted) (rejecting a similar argument and noting that it "sheds no light on how the items are relevant

and probative within the meaning of sentence six"); *Jones v. Astrue*, No. 4:11-CV-03473-LSC, 2012 WL 5379142, at *12 (N.D. Ala. Oct. 29, 2012) ("Plaintiff failed to address the sentence six remand standard or explain why the evidence attached to her motion is material in any way. Such perfunctory treatment of this issue is tantamount to waiver." (citation omitted)).

Moreover, Plaintiff appears to acknowledge that this evidence did exist at the time of the administrative hearing—and thus does not constitute the required "new" evidence—but instead seems to argue that it was not submitted by her attorney. (*See* Doc. 41 at 1 ("[T]he lawyer I had wasn't good and [the] [L]ake Mary office did not do their jobs the right way."), 3 (stating that these documents "[c]ould not have been submitted earlier through no fault of Plaintiff" but failing to address why or whether the exhibits existed at the time)). Thus, the Court agrees with the R&R's conclusions regarding remand under sentence six.

Second, Plaintiff objects to "[t]he R&R's [a]cceptance of the RFC," arguing that the RFC "ignores" a list of Plaintiff's limitations. (Doc. 41 at 2). But, as discussed thoroughly in the R&R, the ALJ considered all of these limitations. (Doc. 37 at 13–18). Plaintiff has failed to show that the RFC was not supported by substantial evidence.

Third, Plaintiff "objects to the R&R's approval of the ALJ's treatment of medical opinions." (Doc. 41 at 2–3). This argument appears to be a combination of

the first two arguments—that the additional documents Plaintiff submitted prove that the ALJ made the wrong decision regarding her medical conditions. For the same reasons stated above, this argument fails.

Fourth, Plaintiff states that "[t]he R&R Misrepresents Plaintiff's Ability to Perform Daily Activities" and that she objects to the R&R "accept[ing] the ALJ's finding that Plaintiff could engage in daily activities." (Doc. 41 at 2–3). To the extent this argument is different than Plaintiff's argument regarding the RFC, it does not appear that it has been made or addressed previously. Thus, the Court declines to address this argument given that it is undeveloped and made for the first time in the Objections. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.").

Finally, Plaintiff argues that "[t]he R&R [i]s [d]efficient and [f]ails to [a]ddress [m]ultiple [a]rguments." (Doc. 41 at 4). Plaintiff then provides a list of conclusory statements that she argues were not sufficiently addressed. Most of these appear to be the same arguments that were discussed above. To the extent they are different, they are not sufficiently developed for the Court to address.

## IV.   CONCLUSION

After review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, and considering Plaintiff's Objections, the Magistrate Judge's

recommended disposition is accepted. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objections (Doc. 38 & 41) are **OVERRULED**.

2. The Report and Recommendation (Doc. 37) is **ADOPTED** and made a part of this Order.

3. The Commissioner's final decision is **AFFIRMED**.

4. Plaintiff's Motion for Emergency Help Reconsideration from Final Appeal (Doc. 39) is **DENIED as moot**.

5. The Clerk is directed to enter judgment in favor of the Commissioner and against Plaintiff.

6. Thereafter, the Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on March 27, 2026.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party